UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADIM KAPLUN,

Petitioner,

15 Civ.

-against-

UNITED STATES OF AMERICA,

Respondent,

PETITION FOR WRIT OF ERROR CORAM NOBIS

-Petitioner Vadim Kaplun ("Petitioner" or "Mr. Kaplun") by his undersigned attorney, Thomas E. Moseley, submits this petition in support of relief by coram nobis vacating his guilty plea in United States v. Kaplun, 98 Cr. 1387 (JGK). This court has jurisdiction over this matter as part of the original criminal jurisdiction of federal courts under Article III of the United States Constitution and pursuant to 28 U.S.C. §1651 and 28 U.S.C. §2241.

1. Petitioner is a stateless person of Jewish heritage who has been granted relief from removal to the Ukraine under the Convention Against Torture as set forth in Kaplun v. Attorney General, 602 F.3d 260 (3d Cir. 2010) and who was previously a lawful permanent resident of the United 'States.

2. Following a jury trial before this Court in United States v. Kaplun, 97 Cr. 108 (JGK), the petitioner was convicted and sentenced to 56 months imprisonment to be followed by three years supervised release, as set forth in the judgment of conviction from that case, a copy of which judgment is attached as Exhibit A.

3. After the jury verdict in 97 Cr. 108 (JGK) on June 10, 1998, Mr. Kaplun was induced to enter a guilty plea in United States v. Kaplun, 98 Cr. 1387 (JGK) on March 25, 1999,

based upon the misrepresentation by his criminal defense counsel that such a guilty plea in 98 Cr. 1387 would have no additional adverse consequences upon the Petitioner beyond the conviction in 97 Cr. 108 (JGK). On February 14, 2000, this Court sentenced Mr. Kaplun in 98 Cr. 1387 to 56 months imprisonment and three years supervised release to run concurrently with the sentence imposed in 97 Cr. 108. A copy of the judgment of conviction in that case is attached as Exhibit B.

4. Mr. Kaplun's conviction in 98 Cr. 1387 proved to be sole basis on which a removal order against him was sustained, and but for his guilty plea in 98 Cr. 1387 Mr. Kaplun would not have been held removable and have lost his permanent residence.

5. Mr. Kaplun served his sentence without incident, completed supervised release, and is no longer in custody. While the Petitioner was granted relief from removal under the Convention Against Torture, he may not travel outside the United States or become a United States citizen or otherwise regularize his status in the United States. In preventing him from traveling outside the United States the conviction in 98 Cr. 1387 has begun to cause Mr. Kaplun irreparable harm in his business and will prevent him from earning a livelihood.

6. The misrepresentation of the consequences of a plea in 98 Cr. 1387and the failure to make any attempt to negotiate a resolution of that matter without adverse consequences to Mr. Kaplun deprived him of the effective assistance of counsel contrary to the Sixth Amendment of the United States Constitution as held in Kovacs v. United States, 744 F.3d 44 (2d Cir. 2014) and made his plea involuntary. If these consequences had been properly explained to Mr. Kaplun, he would have rejected the plea offer in 98 Cr. 1387 and gone to trial.

7. The Petitioner has exhausted all available remedies

WHEREFORE, petitioner Vadim Kaplun respectfully requests that the Court direct a response, fix a briefing schedule in this matter, set this petition down for a hearing and vacate the conviction.

Dated:  November 16, 2015
Newark, New Jersey

/s/*Thomas E. Moseley*
THOMAS E. MOSELEY
One Gateway Center--Suite 2600
Newark, New Jersey 07102
Tel.  (973) 622-8176
Attorney for Defendant-Petitioner Vadim Kaplun

# Exhibit A

AO 245B (8/90) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| VADIM KAPLUN | Case Number: S5 1:97CR00108-004 (JGK) #5 |
| | MICHAEL F. BACHNER, KATHERINE CHOO, AUSA |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s) 1,6,7,13,14,15,25 AND 26 OF S5 97CR108 (JGK)
after a plea of not guilty.

DOCKETED AS A JUDGMENT #00,0563 ON 3/9/00

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 USC 371, 2 | SECURITIES FRAUD | 8/31/96 | 1 |
| 18 USC 1343, 1346, 2 | WIRE FRAUD | 6/4/96 | 6 |
| 18 USC 1343, 1346, 2 | WIRE FRAUD | 7/20/96 | 7 |
| 18 USC 1952 (a)(3), 2 | TRAVEL ACT | 3/31/96 | 13 |
| 18 USC 1952 (a)(3), 2 | TRAVEL ACT | 3/31/96 | 14 |
| 18 USC 1952 (a)(3), 2 | TRAVEL ACT | 4/30/96 | 15 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) ALL OPEN COUNTS   ☐ is   X are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. 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

Defendant's Date of Birth 12/19/69

Defendant's USM No.: _____

Defendant's Residence Address:

419 LIBERTY AVENUE

STATEN ISLAND, NEW YORK 10305

Defendant's Mailing Address:

SAME AS ABOVE

MICROFILM
MAR - 6 2000    9:00 AM

FEBRUARY 14, 2000
Date of Imposition of Judgment

Signature of Judicial Officer

Certified as a true copy on this date 4-30-01

By _____ Clerk / Deputy

JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

3/1/00
Date

U.S. DISTRICT COURT FILED MAR 01 2000 S.D. OF N.Y.

000672

AO 245B (8/96) Judgment in a Criminal
Sheet 1 — Reverse

Judgment—Page 1a of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: S5 1:97CR00108-004 (JGK)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1956, 2 (a)(1)(B)(i) | MONEY LAUNDERING | 2/22/96 | 25 |
| 18 USC 1956, 2 (a)(1)(B)(i) | MONEY LAUNDERING | 2/28/96 | 26 |

Case 1:15-cv-09190 Document 1 Filed 11/21/15 Page 7 of 20
Case: 08-2571 Document: 00311941071 Page: 679 Date Filed: 06/26/2008

AO 245B (8/96) Sheet 2 - Imprisonment

Judgment — Page 2 of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: S5 1:97CR00108-004 (JGK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 56 MONTHS ON COUNTS 1, 6, 7, 13, 14, 15, 25 AND 26, WHICH SHALL RUN CONCURRENTLY. THE SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IN 98 CR 1387 (JGK).

X  The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE HOUSED IN A FACILITY IN THE NEW YORK AREA.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   X  before 2 p.m. on   APRIL 14, 2000   .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

000674

Judgment—Page 3 of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: S5 1:97CR00108-004 (JGK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3 YEARS

THE DEFENDANT SHALL NOT ACT AS, BE EMPLOYED BY, PROVIDE CONSULTING SERVICES TO, DERIVE ANY COMPENSATION FROM, OR ACT AS A PRINCIPAL OR AGENT OF ANY BROKER, DEALER, MARKET-MAKER, INSTITUTIONAL INVESTOR, INVESTMENT ADVISOR, OR INVESTMENT COMPANY IN THE SECURITIES INDUSTRY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:15-cv-09190 Document 1 Filed 11/21/15 Page 9 of 20
Case: 08-2571 Document: 00311941071 Page: 681 Date Filed: 06/26/2008

AO 245B (8/96) Judgment in a Criminal
Sheet 3 — Reverse — Supervised Release

Judgment—Page 3a of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: S5 1:97CR00108-004 (JGK)

## ADDITIONAL SUPERVISED RELEASE TERMS

--THE DEFENDANT SHALL NOT SERVE AS AN AGENT OR FIDUCIARY IN THE MANAGEMENT OF ANY TRUST, FUND, ACCOUNT, OR PORTFOLIO CONTAINING SECURITIES.

--THE DEFENDANT SHALL NOT PROMOTE OR FACILITATE THE PROMOTION OF ANY SECURITIES EITHER BY PARTICIPATING IN THE FOUNDING AND ORGANIZING OF THE BUSINESS OR ENTERPRISE OF AN ISSUER, OR BY RECOMMENDING OR CAUSING OTHERS TO RECOMMEND SECURITIES TO POTENTIAL INVESTORS.

--THE DEFENDANT SHALL PROVIDE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT IN ORDER THAT HIS SUPERVISING OFFICER CAN DETERMINE WHETHER HE IS PAYING RESTITUTION IN ACCORDANCE WITH RESTITUTION PAYMENT SCHEDULE.

--THE DEFENDANT SHALL NOT OPEN ANY NEW LINES OF CREDIT WITHOUT THE PERMISSION OF HIS SUPERVISING OFFICER.

--THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $3,709,828.50 IN ACCORDANCE WITH THE GOVERNMENT'S LETTERS DATED NOVEMBER 1, 1999, DECEMBER 21, 1999 AND JANUARY 4, 2000 TO THE VICTIMS LISTED IN THE GOVERNMENT'S SUBMISSION IN PROPORTION TO THEIR LOSSES. THE DEFENDANT'S RESTITUTION OBLIGATION WILL BE REDUCED BY ANY PAYMENTS OF THE LOSSES BY CO-DEFENDANTS OR FROM ANY OTHER SOURCE. RESTITUTION IS PAYABLE AT THE RATE OF 10% OF THE DEFENDANT'S GROSS MONTHLY INCOME. PAYMENT SHALL COMMENCE WITHIN 30 DAYS AFTER THE END OF THE DEFENDANT'S INCARCERATION.

--SUPERVISED RELEASE SHALL RUN CONCURRENTLY WITH THE TERMS OF SUPERVISED RELEASE IN 98 CR 1387-001 (JGK).

DEFENDANT: VADIM K[A]LUN
CASE NUMBER: S5 1:97CR00108-004 (JGK)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 550.00 | $ | $ 3,709,829.50 |

☐ If applicable, restitution amount ordered pursuant to plea agreement .................. $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ $_____ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| LIST OF PAYES LISTED IN THE ATTACHED GOVERNMENT'S SUBMISSION | | | |
| **Totals:** | $ 3,709,829.50 | $ 3,709,829.50 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

000677

DEFENDANT: VADIM K[...]LUN
CASE NUMBER: S5 1:97CR00108-004 (JGK)

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ In full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

–THE SPECIAL ASSESSMENT SHALL BE DUE IMMEDIATELY. RESTITUTION SHALL BE PAYABLE AT THE RATE OF 10% OF THE DEFENDANT'S GROSS MONTHLY INCOME. PAYMENT SHALL COMMENCE 30 DAYS AFTER THE END OF THE DEFENDANT'S INCARCERATION. THE DEFENDANT'S RESTITUTION OBLIGATION WILL BE REDUCED BY ANY PAYMENTS OF THE LOSSES BY CO-DEFENDANTS OR FROM ANY OTHER SOURCE.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

# Exhibit B

Case 1:15-cv-09190 Document 1 Filed 11/21/15 Page 13 of 20
Case: 08-2571 Document: 00311941071 Page: 779 Date Filed: 06/26/2008
AO 245B (8/96) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of New York

Doc # 11

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| VADIM KAPLUN | Case Number: 1:98CR01387-001 (JGK) |
| | MICHAEL F. BACHNER, KATHERINE CHOO, AUSA |
| | Defendant's Attorney |

**THE DEFENDANT:**

X   pleaded guilty to count(s) ONE OF THE INFORMATION

☐   pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐   was found guilty on count(s) _____
after a plea of not guilty.

DOCKETED AS A JUDGMENT #00,0532 ON 3/7/00

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 15 USC 77q and 77x and 2 | SECURITIES FRAUD | 10/31/95 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____

X   Count(s) ALL OPEN COUNTS   ☐ is   X are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. 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

Defendant's Date of Birth 12/19/69

Defendant's USM No.:

Defendant's Residence Address:

419 LIBERTY AVENUE

STATEN ISLAND, NEW YORK 10305

Defendant's Mailing Address:

SAME AS ABOVE

MICROFILM

MAR - 6 2000   ·9 00 AM

FEBRUARY 14, 2000
Date of Imposition of Judgment

Signature of Judicial Officer

Certified as a true copy on this date 1-30-4
By _____ Clerk
Deputy

JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

3/1/00
Date

U.S. DISTRICT COURT FILED MAR 01 2000 S.D. OF N.Y.

AO 245B   (8/96) Judgment in a Criminal Case
Sheet 1 — Reverse

000774

AO 245B   (8/96) Sheet 2—Imprisonment

Judgment — Page 2 of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: 1:98CR01387-001(JGK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 56 MONTHS. THE SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IN S5 97 CR 108-004 (JGK)

[X] The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE HOUSED IN A FACILITY IN THE NEW YORK AREA.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____
   as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [X] before 2 p.m. on APRIL 14, 2000
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

000775

Case 1:15-cv-09190 Document 1 Filed 11/21/15 Page 15 of 20
Case: 08-2571 Document: 00311941071 Page: 781 Date Filed: 06/26/2008

AO 245B (8/96) Sheet 3—Supervised Release

Judgment—Page 3 of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: 1:98CR01387-001 (JGK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   3 YEARS

THE DEFENDANT SHALL NOT ACT AS, BE EMPLOYED BY, PROVIDE CONSULTING SERVICES TO, DERIVE ANY COMPENSATION FROM, OR ACT AS A PRINCIPAL OR AGENT OF ANY BROKER, DEALER, MARKET-MAKER, INSTITUTIONAL INVESTOR, INVESTMENT ADVISOR, OR INVESTMENT COMPANY IN THE SECURITIES INDUSTRY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (8/96) Judgment in a Criminal
Sheet 3 — Reverse — Supervised Release

Judgment—Page 3a of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: 1:98CR01387-001 (JGK)

## ADDITIONAL SUPERVISED RELEASE TERMS

--THE DEFENDANT SHALL NOT SERVE AS AN AGENT OR FIDUCIARY IN THE MANAGEMENT OF ANY TRUST, FUND, ACCOUNT, OR PORTFOLIO CONTAINING SECURITIES.

--THE DEFENDANT SHALL NOT PROMOTE OR FACILITATE THE PROMOTION OF ANY SECURITIES EITHER BY PARTICIPATING IN THE FOUNDING AND ORGANIZING OF THE BUSINESS OR ENTERPRISE OF AN ISSUER, OR BY RECOMMENDING OR CAUSING OTHERS TO RECOMMEND SECURITIES TO POTENTIAL INVESTORS.

--THE DEFENDANT SHALL PROVIDE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT IN ORDER THAT HIS SUPERVISING OFFICER CAN DETERMINE WHETHER HE IS PAYING RESTITUTION IN ACCORDANCE WITH RESTITUTION PAYMENT SCHEDULE.

--THE DEFENDANT SHALL NOT OPEN ANY NEW LINES OF CREDIT WITHOUT THE PERMISSION OF HIS SUPERVISING OFFICER.

--SUPERVISED RELEASE SHALL RUN CONCURRENTLY WITH THE TERM OF SUPERVISED RELEASE IN S5 97 CR 108-004 (JGK)

Case 1:15-cv-09190 Document 1 Filed 11/21/15 Page 17 of 20

AO 245B (8/96) Sheet 5, Part A — Criminal Monetary Penalties
Case: 00-2571 Document: 0031 1941071 Page: 783 Date Filed: 06/26/2008
Judgment — Page 4 of 6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: 1:98CR01387-001 (JGK)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement .................. $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ $_____.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: VADIM KAPLUN
CASE NUMBER: 1:98CR01387-001 (JGK)

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  X  In full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

000779

AO 245B (8/96) Sheet 6 - Statement of Reasons

Case 1:15-cv-09190 Document 1 Filed 11/21/15 Page 19 of 20
Case: 08-2571 Document: 00311941071 Page: 785 Date Filed: 06/26/2008

Judgment — Page  6  of  6

DEFENDANT: VADIM KAPLUN
CASE NUMBER: 1:97CR01387-001 (JGK)

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

X  The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):
SEE ATTACHED

**Guideline Range Determined by the Court:**

Total Offense Level: _____26_____

Criminal History Category: _____I_____

Imprisonment Range: ___63___ to ___78___ months

Supervised Release Range: ___2___ to ___3___ years

Fine Range: $ __12,500__ to $ __7,400,000__

X  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

X  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

X  The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

X  for the following specific reason(s):
SEE ATTACHED

DEFENDANT: VADIM KAPLUN  
CASE NUMBER: 1:98CR01387-001 (JGK)

Page 6a of 6

## EXCEPTIONS TO THE PRESENTENCE REPORT

The Court has adopted the findings of fact in the Presentence Report except:

1) The Court, for the reasons stated on the record at sentencing, has grouped the fraud counts in the J.S. Securities fraud (S5 97 cr 108) along with the fraud count in the Muggs Plus case (98 cr 1387).

2) The Court, for the reasons stated on the record at sentencing, has determined that the money laundering counts should not be grouped with the fraud counts. The Presentence Report is in error in referring to the money laundering counts (as counts 22 and 23 rather than counts 25 and 26). The Court of Appeals recently found that money laundering counts should not be grouped with fraud counts under § 3D1.2 (b) or § 3D1.2(d) of the Guidelines. See United States v. Napoli; 179 F.3d 1; 6-7 (2d Cir 1999).

## REASONS FOR DOWNWARD DEPARTURE

The Court, for the reasons stated on the record at sentencing, has departed downward two levels for extraordinary family circumstances, because the defendant is the substantial financial and emotional supporter for his 88-year old grandmother who is in extremely poor health and his father who is receiving disability payments, and his mother who is clinically depressed and highly dependent on her husband and the defendant.

The extraordinary family circumstances are factors not taken not taken into account by the drafters of the Guidelines.

Therefore, the Court, after a downward departure, has determined that the Total Offense Level is 24, the Criminal History Category is I, and Sentencing Guideline Range is 51-63 months imprisonment.